# GEORGE S. POPPERS
## v.
## JOSEPH H. PETERSON.

*Trover—Possession—Title—Demand—Evidence—Parties.*

1.  In an action of trover, the plaintiff must have, at the time of the conversion, as against the defendant, a right of property in the chattel converted and the possession thereof, and must prove that while the right of possession was in him, he made a demand therefor.

2.  In an action to recover the value of certain furniture and jewelry, this court holds, in view of the evidence, that the judgment in behalf of the plaintiff can not stand.

[Opinion filed July 2, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. KIRK HAWES, Judge, presiding.

Messrs. L. D. THOMAN and J. J. PARKER, for appellant.

Mr. J. McKENZIE CLELAND, for appellee.

GARNETT, P. J.  Appellee sued appellant in trover to recover the value of certain furniture and jewelry, which, as alleged in the declaration, was the property of appellee and was wrongfully converted by the appellant to his own use.

The evidence, which in many particulars is very vague and unsatisfactory, we think tended to prove these facts: that about October 25, 1885, appellee borrowed $1,000 of appellant, giving several promissory notes to evidence the indebtedness, and as security therefor delivered to appellant the jewelry in question, a mortgage on appellee's household furniture, and certain other securities which need not be particularly described as they are not involved in this litigation.

About August 5, 1886, there being then $500 unpaid on the debt, appellee told appellant that he was in some financial trouble, and the latter replied that if he would let him have

Poppers v. Peterson.

his folding beds and fixtures, he would pay him the difference and give him his property back. We assume, but perhaps without sufficient foundation, that this blindly stated transaction meant that appellant was to have the beds and fixtures as security for the debt, in place of the jewelry, and was to pay appellee the difference between the debt and the value of the beds and fixtures, and was also to surrender to him the jewelry. Whether that is what the parties meant, we are not prepared to say; but appellee placed that construction on the arrangement, and he then permitted appellant to take the folding beds, and called at appellee's place of business, where the latter laid the jewelry on the counter with the remaining unpaid note of appellee, and producing another paper which appellee supposed to be a receipt for the jewelry, directed appellee to sign it, and he did sign it as requested.

Appellant then took the jewelry and the paper so signed, and put them into his safe, and appellee took the note. When the jewelry was put back into appellant's safe, appellee asked him what that was for, and was told by appellant that his creditors might make trouble; that it was all right, and appellee could get it anyway.

In this arrangement appellee at the time acquiesced, but afterward became dissatisfied and went, as he testified, several times to appellant about "this property" and that appellant refused to turn it over to him. The paper so signed by appellee on August 5th was in fact an acknowledgment of the receipt of $1,000 from appellant on the beds and jewelry. It also appears from appellee's evidence that at some time (but he does not state when) he sold the jewelry in question to one O'Hara, and after that he went with O'Hara and demanded of appellant that he should deliver the same to O'Hara, but appellant refused to do so, and that O'Hara then canceled the sale and surrendered to appellee all his interest therein.

The burden of proving this cause of action was on appellant. In an action of trover the plaintiff must have, at the time of the conversion, as against the defendant, a right of property in the chattel converted, and the actual possession thereof (Blain v. Foster, p. 297, this volume), and he must

prove that while the right of possession was in him he made demand for the property on the defendant. Cooley on Torts, 530.

Whether the sale to O'Hara was made before or after the first demand made upon appellant, is a point upon which this record gives no light whatever. If it was before any demand, the injury, if any, was suffered by O'Hara alone, and the action should have been brought by him. If it was after demand appellee should have made some proof tending to show that fact, but we find none such in the case.

If the cause of action vested in O'Hara, no transfer thereof could enable appellee to bring suit at law in his own name, whatever may be the rule in equity. As there is no pretense of any demand by appellee after O'Hara reconveyed the jewelry, we are not required to speculate upon the question of law which would be presented if such a demand had been made.

From the views here presented, it is obvious that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*