## George S. Poppers
### v.
## Joseph H. Peterson.

*Evidence—Cross-examination—Res Gestæ—Instructions.*

Where a witness had testified that he signed a certain instrument without reading it, it is proper, upon cross-examination, to inquire as to his previous business, for the purpose of showing that he was a man of experience and affairs.

[Opinion filed January 14, 1892.]

Appeal from the Superior Court of Cook County; the Hon. Elliott Anthony, Judge, presiding.

Mr. John P. Ahrens, for appellant.

Mr. J. McKenzie Cleland, for appellee.

Gary, J. The general character of this case sufficiently appears in the report of it on a former appeal. 33 Ill. App. 384.

On this trial, however, the appellee testified that folding beds were taken as payment of all indebtedness from appellee to appellant, while the appellant testified that he paid the appellee $500 cash, and took as his own the folding beds and property here in controversy, and canceled the indebtedness of the appellee. In support of that position the appellant put in evidence a paper admitted to be signed by the appellee as follows:

"Residence, 192 Honore street, Chicago, Agt. 5th, 1886. Rec. of Geo. S. Poppers one thousand ($1,000) dollars for thirty-one (31) Peterson beds, finished and not finished; and two dim. ring and 1 gold watch and chain and 1 dim. collar button.

Jos. H. Peterson.

The appellee testified that he signed that paper without looking at it. The original is in the bill of exceptions brought here. The handwriting is bad, but the words and figures "one thousand ($1,000) dollars" constitute one line in bold, plain characters.

On cross-examination of the appellee he was asked as to his former business, and the court said: "It don't make any difference what he has been in;" to which counsel replied: "He claims here that he signed a paper which he did not read. I want to show that he is a man of affairs—a man of experience." To the refusal of the court to permit the cross-examination, the appellant excepted.

The appellee testified that O'Hara returned to him a bill of sale which the appellee had made to O'Hara of the property, and that the appellee delivered it to his wife, who is a sister to O'Hara. The court refused to permit the questions: "Was that by direction of O'Hara?" and, "What did you say to her when you gave it to her?" And the appellant excepted. These exceptions are well taken. The probability that a witness would sign, without looking at a paper, was a question for the jury. It might well be argued to a jury, that a man of business experience had not so signed a paper, of which a prominent line presented to the eye a sum of money which, in the version of the witness, had no place in the transaction. The extent of his business experience was therefore a circumstance material to be known, in judging of his credibility. As to the last two questions, the appellee had testified in effect that O'Hara had surrendered the bill of sale for the purpose of revesting the property, but without being paid. It was not canceled, but put in the custody of the sister of O'Hara, the wife of appellee. If all that O'Hara and appellee said, through which, and acts done under what was so said, that custody began, had come into the case, it might have appeared that O'Hara did not intend to revest the property in the appellee. The first reason given in Phares v. Barber, 61 Ill. 271, for holding such an exception well taken is applicable here.

The instructions are not sufficiently guarded in restricting the right of recovery to a demand made by the appellee

after reconveyance from O'Hara. One instruction for the appellee elaborately explained to the jury how the receipt might be avoided; but in lieu of an instruction asked by the appellant, that if the appellee by the writing did knowingly sell the property to the appellant he should be found not guilty, the court gave this:

" And if the jury shall believe from all the evidence, that said plaintiff sold the property mentioned in the writing offered in evidence to the defendant, and that the said property mentioned was the property of the defendant at the time of the commencement of this suit, then the jury should find the defendant not guilty."

The appellant had testified that he had sold the jewelry; whether before or after the commencement of the suit he did not say. On the merits it was utterly immaterial what he had done with it, and yet this instruction makes it a condition for a verdict in his favor that he had retained it.

On the whole case the appellant has not had a fair trial on the law or the evidence, and the judgment is reversed and the cause remanded.

*Reversed and remanded.*